UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

FEB 1 5 2008

MICHAEL N. MILBY, CLERK OF COURT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| IFS FINANCIAL CORPORATION, *ET AL.* | § | CASE NO. 02-39553-H1-7 |
| | § | (CHAPTER 7) |
| DEBTORS | § | |

Blitz Holdings Corp.

    Plaintiff

v.                                                                 Adversary No. 08-_____

GMAC Mortgage, LLC
Mustang Athletic Corp.
Enrique Pimienta
Alfredo Pimienta
Lilia Pimienta
Vernon Overseas Holding, Inc.
Tecfeeder I, Ltd.
Gianluigi Socchi
Rodolfo Reiser
Giorgio Mari
The Jacuzzi Family
John Bruno Jacuzzi Rainieri
W. Steve Smith, Trustee

    Defendants

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW Blitz Holdings Corp. and files this Complaint for Declaratory Relief to declare its claim in this action to be a valid, allowed unsecured claim in this proceeding and for other relief, and would show this Court the following:

## PARTIES

1. Blitz Holdings Corp. ("Plaintiff" or "Blitz"), is a creditor and party in interest in the above captioned Chapter 7 bankruptcy proceeding. It holds an allowed claim in the captioned proceeding. Plaintiff's latest amended claim was filed on August 21, 2006, amending previously filed claim numbers 3 and 8 on the Claims Register of this case. The amount of the claim is $89,835,544.24. It is an unsecured claim.

2. Defendants, GMAC Mortgage, LLC (formerly GMAC Mortgage Corporation) (jointly referred to as "GMAC"), Mustang Athletic Corp., Enrique Pimienta, Alfredo Pimienta, Lilia Pimienta, Vernon Overseas Holdings, Inc., Tecfeeeder I, Ltd., Gianluigi Socchi, Rodolfo Reiser, Giorgio Mari, The Jacuzzi Family, and John Bruno Jacuzzi Rainieri have each filed proofs of claim in the instant proceeding, thereby submitting to the jurisdiction of the Bankruptcy Court for all purposes. These defendants have filed objections to the claim of Blitz. These defendants shall be referred to as "Defendants." Service on the respective Defendants will be effected pursuant to Bankruptcy Rule 7004 (b) (1) for individuals and Rule 7004 (b)(3) for corporations by serving the respective attorney of record for the parties.

3. Defendant, W. Steve Smith is the trustee appointed by the Bankruptcy Court to administer the present bankruptcy case. Defendant Smith shall be referred to herein as "Trustee Smith." Plaintiff has named Trustee Smith as a necessary party. Trustee Smith will be served pursuant to Bankruptcy Rule 7004 (b)(1).

## JURISDICTION

4. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (b)(2)(B), and (b)(2)(O).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 541.

7. This Complaint is, *inter alia*, brought pursuant to Chapter 151 of Title 28 of the United States Code, and more specifically 28 U.S.C. § 2201 which permits federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not other or further relief could be sought."

## RELEVANT BACKGROUND FACTS AND ALLEGATIONS

8. The present case commenced on August 23, 2002 when Defendant GMAC filed an involuntary action against the Debtor, IFS Financial Corporation. An order for relief was entered on October 11, 2002, and W. Steve Smith was appointed interim trustee.

9. The Plaintiff filed objections to each of the claims of the Defendants on October 2, 2007. A hearing on the objections was set for November 16, 2007. Prior to the hearing, each of the Defendants filed responses and requested a hearing. In these pleadings, each of the Defendants objected the claim of the Plaintiff. The Defendants, led by GMAC, alleged, among other things, that Blitz did not have a valid claim because it had received a fraudulent transfer from the Debtor which invalidated the Blitz claim. Each of the other Defendants joined the GMAC motion. This complaint for declaratory relief seeks to validate its standing to object to the claims of other claimants and to validate it claim in the proceeding.

10. Defendants allege that Blitz received a note which is the basis of its claim in a transaction closed on or about May 15, 2000. Blitz received a note from the Debtor of approximately $74 million in connection with the transaction. Defendants' allege that the note rendered the Debtor insolvent and that the delivery of the note was for inadequate consideration. Defendants claim that these facts give rise to a fraudulent transfer under Texas law and the Bankruptcy Code. As an

alleged recipient of the fraudulent transfer, Blitz cannot hold a valid claim.

11.	The note that was made and delivered by the Debtor in connection with the above referenced transaction was part of a transaction entered into by the Debtor to settle litigation involving the Debtor and the Plaintiff as well as other entities. The Note, Note Purchase Agreement, Commercial Loan Agreement and other supporting documents do not evidence any attempt by Plaintiff to hinder, delay or defraud the Debtor or creditors of the Debtor. All of the documentation made at the time by Debtor and its principals declare in the affirmative and negative covenants, the representations and warranties and other declarations that the Debtor and its affiliates were solvent and there existed a minimum net worth of $120 million upon conclusion of the transaction.

12.	Following the transaction, Blitz received an audit report from the auditing firm, Grant Thornton, certifying the financial statement of the Debtor that reflected that it was solvent and met the minimum net worth representations which Blitz relied upon in entering into the transaction.

13.	When the Debtor failed to perform on the note and other obligations under its agreements with Debtor, Blitz commenced an action to enforce its creditor rights. After receiving its final judgment against the Debtor following a full plenary hearing in arbitration in which Debtor had the right to present all defenses, the Plaintiff received its award declaring the debt and damages due from Debtor and the right of the Plaintiff to certain property. This decision was confirmed by the United States District Court on June 28, 2002.

14.	Following the filing of the instant case, Trustee Smith undertook efforts to recover properties which he alleged were properties of the estate. The properties included the properties which Blitz had claimed and recovered in connection with the litigation it had pursued against the Debtor. Trustee Smith made demand for turnover the property. Trustee Smith and Blitz reached a settlement of the disputes, and Trustee Smith filed his "Trustee's Motion for Authority to

Compromise Controversies" with Blitz on April 11, 2003. The motion was noticed to creditors, and no objection was filed. The Agreed Order was signed on May 27, 2003.

15. Following the entry of the Agreed Order, Blitz complied full with the turnover and release and waiver of claims to the property listed in the Motion. Further, Blitz has fully complied with all other obligations and commitments presented in the Motion and under the Agreed Order.

16. Trustee Smith received all rights of the Debtor when the case was filed under the Bankruptcy Code. These rights included the right to file any actions for fraudulent transfer and turnover of property of the estate. Further the trustee in bankruptcy has the right to compromise and settle these actions on whatever terms he finds appropriate, subject to the approval of the bankruptcy court following notice to the parties in interest. Pursuant to the Motion referred to in paragraph 14 above, Trustee Smith settled all disputes with Blitz, waiving any objection to the claim of Blitz and confirming "an allowed unsecured claim of Blitz." The Motion recited in detail every fact which Defendants allege supports it allegation that Blitz received a fraudulent transfer from Debtor. Further, Trustee Smith recounts numerous reasons why the settlement with Blitz was appropriate and in the best interest of the estate and its creditors.

17. Trustee Smith followed the settlement terms, and he has consistently affirmed the validity of the Blitz claim in other proceedings in which challenges have been made, including Civil Action No. H-05-1779 filed in the United States District Court for the Southern District of Texas, styled, *W. Steve Smith, Trustee v. American Founders Financial Corp.* This is the action referred to by the Defendants in their pleadings objecting to the validity of the Blitz claim.

18. Only the bankruptcy trustee can bring an action to void a fraudulent transfer under Section 548 of the Bankruptcy Code. A creditor does not have this right. Trustee Smith had all rights to bring actions until October 16, 2004 when limitations ran on his right to bring an action. Further,

Trustee Smith is barred, and also creditors, from bringing an action under Texas law under the strong arm provision of Section 544 of the Bankruptcy Code. The trustee has no right to bring actions two years after his appointment and over four years afer the transaction allegedly constituting the fraudulent transfer.

19. Trustee Smith compromised and settled all disputes between the estate and Blitz through the settlement approved by this court in May 2003. This action was completed with full knowledge of the facts as recited in the Motion. Creditors have no right after the entry of the order and after the period for appeal expired for asserting a claim that conflicts with the settlement of the Trustee.

## RELIEF REQUESTED

1. Plaintiff adopts by reference the averments in the preceding paragraphs 1 through 19 by reference herein.

2. Plaintiff seeks a declaratory judgment affirming the Agreed Order dated May 29, 2003 entered in this case and the settlement incorporated therein.

3. Plaintiff seeks a declaratory judgment confirming the claim of Plaintiff in this action, as amended from time to time, as a valid and allowed unsecured claim.

4. Plaintiff seeks a declaratory judgment that it is a party in interest and a creditor of the Debtor with standing to file objections to the claims of other claimants and to participate in this proceeding under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this District.

5. Plaintiff seeks a declaratory judgment that the objections filed by the Defendants against Plaintiff in connection with Plaintiff's objections to the claims of Defendants are denied in all respects.

## **PRAYER FOR RELIEF**

WHEREFORE, Blitz Holdings Corp., Plaintiff, respectfully prays that the Court enter a declaratory judgment in favor of Plaintiff for the above enumerated five points of Relief Requested and that the Court grant Plaintiff such other and further relief, including costs and attorneys' fees, to which it may be justly entitled.

Dated: February 15, 2008

                                          Respectfully submitted,

                                          /s/ *William Vincent Walker*
                                          William Vincent Walker
                                          State Bar No. 20737000
                                          3704 Garrott St.
                                          Houston, Texas 77006
                                          Tel. 713 520 9222
                                          Fax 713 520 9991
                                          Attorney for Blitz Holdings Corp.